STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| In re: Appeal of Allen Mulheron | } } } } } | Docket No. 172-8-00 Vtec |

| | | |
|---|---|---|
| Town of Highgate, Plaintiff, | } } | |
| v | } } | Docket No. 217-9-00 Vtec |
| Allen Mulheron, Defendant. | } | |

Decision and Order on Appellant′s Motion for Summary Judgment and Motion to Amend Answer

In Docket No. 172-8-00 Vtec, Appellant Allen Mulheron appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Highgate, denying his appeal of a notice of violation, his request for a stay of enforcement, and his request for a variance from the front setback requirements. In Docket No. 217-9-00 Vtec, the Town has filed an enforcement action to enforce the front setback requirements. Appellant is represented by Michael S. Gawne, Esq.; the Town is represented by David A. Barra, Esq.; Interested persons Lee and Lori Olds and Davey and Katherine LaFar, who own Lots 4 and 5 in the so-called Misty Meadows subdivision, have entered their appearance and represent themselves. Appellant and the Town have moved for summary judgment on Question 1 of the Statement of Questions: the method for measuring the front setback.

The following facts are undisputed unless otherwise noted.

Appellant obtained subdivision approval in 1995 for a six-lot subdivision known as Misty Meadows. The subdivision is served by a 50-foot-wide right-of-way, ending in a 110.8-foot-diameter cul-de-sac providing access from the lots to Carter Hill Road. According to the subdivision plan, the right-of-way was to be deeded to the Town. No facts have been presented as to whether the right-of-way has been deeded to the Town, and whether it was deeded in fee or as an easement interest. The property is in the Agricultural zoning district, in which the minimum front setback is 60 feet.

Appellant owns Lot 6 in the subdivision, which according to the subdivision plan has 234.69 feet of frontage on the right-of-way and 23.17 feet of frontage along the curve of the cul-de-sac.

Appellant constructed or placed a single family home on Lot 6. The Zoning Administrator's measurements are that the house is located 40 feet from the edge of the straight portion of the right-of-way, and 53 feet from the traveled portion of the right-of-way.

Appellant argues that the measurement should be made from the edge of the traveled portion of the right-of-way, but also contests the Zoning Administrator's measurement method for locating the edge of the right-of-way, arguing that the Zoning Administrator measured outward from the centerline of the traveled portion. As, in the present case, a survey was made and recorded in connection with the subdivision permit, the measurements should be made using the surveyed right-of-way, not an assumed right-of-way location. We expect that the parties will submit an agreed copy of the subdivision survey in evidence for the remainder of the merits hearing, and that they will be able to locate the as-built location of the house on that survey.

The Zoning Bylaws define 'setback' in pertinent part as "[t]he nearest distance between a building face and a street line or a property line." The Zoning Bylaws define 'street' as a road, but do not define 'street line.' In turn, the Zoning Bylaws define 'road' as "including streets or right of ways."

The definition of the term 'setback' is used in addressing not only the front setback, but also the rear or side setbacks, which must necessarily be measured to the private property line when the side or rear of a property does not adjoin a street. Reading the Zoning Bylaws[1] as a whole, the only interpretation of "street line" that is consistent with establishing a building setback is the edge of the street right-of-way. If the setback were to be measured from the edge of the traveled way, then the allowed setback on a particular road or street would vary over time, as the road was improved or widened. That interpretation would permit the installation of nonconforming buildings, contrary to the purposes of zoning.

Accordingly, based on the foregoing, the Town's Motion for Summary Judgment is GRANTED and Appellant's Motion for Summary Judgment is DENIED: The front setback is measured to the edge of the road right-of-way. However, we note that the edge of the road right-of-way is to be measured from its surveyed location, and not an assumed location relative to the traveled way.

Appellant also moved in Docket No. 217-9-00 Vtec to amend his answer to add a defense of "insubstantial violation." That motion does not appear to have been docketed and so was not brought to the attention of the Court. It is hereby granted.

We will hold a telephone conference on May 4, 2001, at a time scheduled in the enclosed notice, to discuss what remains for the trial on the merits of these matters, and to schedule that trial. If the Olds and LaFars wish to participate, they should be available at a single telephone number; please advise the Court on or before May 2, 2001 of the number at which you wish to be reached.

Done at Barre, Vermont, this 23rd day of April, 2001.

_____
Merideth Wright
Environmental Judge


## Footnotes

[1]     Or at least those portions of the Zoning Bylaws supplied to the Court.